IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TENG YANG,

    Petitioner,               No. CIV S-09-2578 KJM P

    vs.

CHARLES DeROSA, Warden,

    Respondent.           ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. He challenges his Butte County convictions for a number of state offenses and raises the following grounds in his petition: (1) the trial court erred in refusing to order testing of petitioner's jacket or, in the alternative, to appoint counsel to investigate trial counsel's effectiveness; (2) the trial court erred in refusing to bifurcate the trial on the gang enhancement; (3) the gang enhancement allegation is not supported by substantial evidence; (4) the imposition of the upper term on the assault and firearm enhancement violates petitioners's right to a jury trial; (5) petitioner's statement was taken in violation of his <u>Miranda</u> rights; (6) the warrantless search of petitioner's house violated the Fourth Amendment; (7) the court erred in instructing the jury that it could consider gang evidence in evaluating witness testimony; (8) counsel failed to

use an expert on eyewitness identification; (9) trial counsel failed to subpoena Tong Xiong as a defense witness; (10) the jurors engaged in misconduct during deliberations; (11) the bailiff pressured the jury; and (12) appellate counsel was ineffective. This petition is not signed by petitioner, but is signed by a writ writer purporting to act on petitioner's behalf.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.[1] Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

The same writ writer who signed the petition has filed a motion for a stay. He argues that the first seven issues raised in the petition have been exhausted by direct appeal, but that additional issues have been raised in a collateral attack currently pending in the state court. Because the motion has not been signed by petitioner and because the prison writ writer cannot represent petitioner, the motion is not properly before the court. Fed. R. Civ. P. 11(a); Dang v. Sisto, 2008 WL 2563221 at 1 n.1 (N.D. Cal. 2008).

Even if the court considers the motion on its merits, petitioner has not satisfied the requirements for a stay. The court has the authority to stay a habeas petition so that the petitioner can exhaust state court remedies if the petitioner shows his claims are potentially meritorious and that there is good cause for his failure to exhaust earlier. Rhines v. Weber, 544 U.S. 269, 277 (2005). Petitioner has not made the requisite showing of good cause.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

---

[1] This application was signed by petitioner himself, to all appearances.

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

The state court has had an opportunity to rule on the merits when a petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

To the extent claims eight through twelve have not been exhausted, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Good cause appearing, petitioner will be granted thirty days to file an amended petition raising only exhausted claims.[3]

---

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (docket no. 5) is granted;

2. Petitioner's motion for a stay (docket no. 3) is denied;

3. Petitioner's petition for a writ of habeas corpus is dismissed; and

4. Petitioner is granted thirty days from the date of this order to file an amended petition signed by petitioner raising only exhausted claims. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: March 17, 2010.

_____
U.S. MAGISTRATE JUDGE

yang2578.103+

---

[2] Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).